IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Jeremy N. Ghilani, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Wisconsin Central, Ltd. | ) | |
| a corporation d/b/a "CN", | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Jeremy N. Ghilani, and for his claim and cause of action against the Defendant, Wisconsin Central, Ltd., a Delaware corporation, d/b/a CN, states and alleges as follows:

**Preliminary Statement**

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on September 13, 2020, while working as a conductor for Defendant. Plaintiff brings this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

**Parties**

2. That at the time of the incident, Plaintiff was a resident and citizen of Oshkosh, Wisconsin, and was employed by Defendant as a conductor engaged in interstate commerce.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the law of the State of Delaware, and duly licensed and empowered to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin, and was engaged as a common carrier in interstate commerce.

**Jurisdiction & Venue**

4. That this Court has subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question).

5. That this Court has personal jurisdiction over Defendant since the incident giving rise to Plaintiff's FELA claims occurred within the State of Wisconsin.

6. That venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claims in the district where the cause of action arose or in the district where the defendant is doing business at the time the action is commenced.

7. That this action brought under the FELA is timely commenced pursuant to 45 U.S.C. § 56.

**Facts**

8. That on September 13, 2020, at approximately 11:30 p.m., Plaintiff was in the course and scope of his employment working as a conductor on Defendant's train on its tracks near Oshkosh, Wisconsin. As part of his assigned job duties, Plaintiff was required to ride the rear tanker car that was part of a string of railcars while performing a shove move traveling north on the airport spur industry track that was unlit. As Plaintiff was riding the side of the tanker car Plaintiff suddenly saw a tree fouling the tracks approximately 100-200 feet ahead. Plaintiff immediately contacted the engineer, Brian Austin, and Austin applied the train's emergency brakes. Because the lead car Plaintiff was riding was going to crash into the downed tree despite the application of the train's emergency brakes, he jumped off the tanker car before impact. As Plaintiff made the approximately four-foot jump onto the ground, he landed on the steep embankment made up of ballast, the ballast suddenly and without warning gave way causing Plaintiff to fall, causing him to land on the ground and suffer injury to his right shoulder. As a result, Plaintiff was caused to suffer severe and permanent injuries and be otherwise damaged.

### Count One (negligence liability pursuant to FELA)

Plaintiff realleges paragraphs 1 through 8 as set forth at length and in detail herein.

9. That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by reason of Defendant's violation of the FELA, and as a consequence of Defendant's negligence in:

   a. Failing to provide Plaintiff with a reasonably safe place to work;

   b. Failing to warn Plaintiff of the hazard;

   c. Failing to properly inspect, and maintain areas where Plaintiff was required to perform duties, including its right-of-way and areas next to its right-of-way;

   d. Failing to adopt, implement and enforce safe work methods;

   e. Failing to provide sufficient manpower to inspect and maintain its right-of-way and areas next to its right-of-way; and

   f. Other acts of negligence as shown in discovery of this case.

10. That as a result of the incident, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

### Count Two (negligence per se/strict liability pursuant to violations of Federal Railroad Administration Regulations)

Plaintiff realleges paragraphs 1 through 10 as set forth at length and in detail herein.

11. The acts and omissions of Defendant described above also constitute one or more violations of the Federal Railroad Administration Regulations, including but not limited to 49 C.F.R. §§ 213.7, 213.37(c), 213.233, and 213.239, in that Defendant allowed the trees and vegetation surrounding the roadbed to grow uncontrolled and to remain in the area such that they interfered with railroad employees in their trackside duties. Additionally, Defendant failed

to perform required inspections in the area Plaintiff was required to work. The violation of any of these regulations constitutes negligence per se/strict liability.

12. That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by Defendant's violations of the Federal Railroad Administration Regulations.

13. That as a result of the incident, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff Jeremy N. Ghilani prays judgment against the above-named Defendant, Wisconsin Central, Ltd., a Delaware corporation, d/b/a CN, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the losses and damages, together with his costs and disbursements and reasonable attorneys' fees herein.

**PLAINTIFF DEMANDS TRIAL BY A JURY.**

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: March 1, 2023

*/s/ Paul Banker*
Randal W. LeNeave, WI Bar #1087683
Paul Banker, WI Bar #1097390
Joshua N. Miller, MN Bar #0397585
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
(612) 339-5150 Fax
rleneave@hlklaw.com
pbanker@hlklaw.com
jmiller@hlklaw.com